UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON V. GARCIA, an individual<br><br>          Plaintiff,<br><br>v.<br><br>GORDON TRUCKING, INC., a California Corporation, which will transact business in California as L GORDON; STEVE GORDON, an individual; BOB GOLDBERG, an individual; and Does 1 through 20, inclusive,<br><br>          Defendants. | 1:10-CV-00324-OWW-SKO<br><br>MEMORANDUM DECISION AND ORDER RE MOTION FOR STAY AND APPOINTMENT OF INTERIM CLASS COUNSEL<br><br>(DOC. 52) |
| CHRISTOPHER YANEZ and EMMA YANEZ on behalf of themselves, all others similarly situated, and the general public,<br><br>          Plaintiffs,<br><br>v.<br><br>GORDON TRUCKING, INC., a Washington corporation, and DOES 1 through 100, inclusive,<br><br>          Defendants. | 1:11-CV-00272-OWW-SMS<br><br>MEMORANDUM DECISION AND ORDER RE PLAINTIFFS' MOTION FOR CONSOLIDATION OF PENDING ACTIONS AND APPOINTMENT OF INTERIM CLASS COUNSEL<br><br>(DOC. 37) |

I.   <u>INTRODUCTION</u>

     Before the court are two putative class actions filed against Gordon Trucking, Inc. ("Defendant"): (1) Simon Garcia ("Plaintiff Garcia") v. Defendant etal. (1:10-cv-324-OWW-SKO) ("*Garcia*"), and (2) Christopher Yanez and Emma Yanez ("Yanez Plaintiffs") v. Defendant etal. (1:11-cv-272-OWW-SMS) ("*Yanez*").

1

Yanez Plaintiffs move (1) to consolidate the *Garcia* and *Yanez* lawsuits, and (2) for appointment of James R. Patterson and Allison H. Goddard ("*Yanez* Counsel") as interim class counsel. *Yanez* Doc. 37. Defendant and Plaintiff Garcia filed an opposition in the *Yanez* lawsuit (*Yanez* Docs. 41 and 42, respectively), to which Yanez Plaintiffs replied (*Yanez* Doc. 46).

Plaintiff Garcia moves (1) to stay the hearing on Yanez Plaintiffs' motion for consolidation and (2) alternatively, for appointment of S. Brett Sutton ("*Garcia* Counsel") as interim class counsel. *Garcia* Doc. 52. Yanez Plaintiffs filed a motion to intervene in the *Garcia* Lawsuit and opposition to the motion to stay (*Garcia* Doc. 58), to which Plaintiff Garcia replied (*Garcia* Doc. 59).

The motions were heard July 11, 2011.

## II.   BACKGROUND

A.   *Garcia* Lawsuit

The *Garcia* lawsuit against Defendant and individual Defendants Steve Gordon, Bob Goldberg, and Does 1 to 20 was filed in this court on February 23, 2010. *Garcia* Doc. 1. Plaintiff Garcia filed a First Amended Complaint on July 7, 2010 (*Garcia* Doc. 28) and a Second Amended Complaint ("SAC") on July 22, 2010 (*Garcia* Doc. 33).

The *Garcia* action seeks to represent the following putative classes:

2

a.    All similarly situated persons employed by GTI who were driving tractor-trailer combinations and performing services related thereto within the State of California at any time within the Relevant Time Period, and were compensated on a per-mile basis for at least part of their compensation. This putative class will be referred to herein collectively as the 'CALIFORNIA EMPLOYEES'.

b.    All similarly situated persons employed by GTI who were driving tractor-trailer combinations and performing services related thereto within any State excepting the State of California at any time within the Relevant Time Period, and were compensated on a per-mile basis for at least part of their compensation. This putative class will be referred to herein collectively as the 'NATIONWIDE EMPLOYEES'.

*Garcia* Doc. 33, ¶ 21.

The *Garcia* SAC asserts the following causes of action:

(1)   <u>First Cause of Action</u>: Failure to pay minimum wages for all hours worked in violation of the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 206);

(2)   <u>Second Cause of Action:</u> Failure to pay minimum wages for all hours worked in violation of California Labor Code §§ 221-223, 1194, 1194.2, and 1197 and Industrial Welfare Commission Wage Order 9, § 11;

(3)   <u>Third Cause of Action</u>: Failure to provide mandated meal periods or to pay an additional hour of wages in violation of California Labor Code §§ 226.7 and 512 and Industrial Welfare Commission Wage Order 9;

(4)   <u>Fourth Cause of Action</u>: Failure to provide mandated rest periods or to pay an additional hour of wages in

3

violation of California Labor Code §§ 226.7 and 512 and
Industrial Welfare Commission Wage Order 8, § 11;

(5)   <u>Fifth Cause of Action</u>: Failure to issue mandated
accurate itemized wage statements in violation of
California Labor Code §§ 226, 226.6, 1174, 1174.5, and
1175 and Industrial Welfare Commission Wage Order 9;

(6)   <u>Sixth Cause of Action</u>: Failure to reimburse business
expenses in violation of California Labor Code § 2802
and Industrial Welfare Commission Wage Order 9;

(7)   <u>Seventh Cause of Action</u>: Failure to timely pay wages
due at termination in violation of California Labor
Code §§ 201, 202, and 203;

(8)   <u>Eighth Cause of Action</u>: Violation of unfair competition
law, California Business and Professions Code §§ 17200
et seq.; and

(9)   <u>Ninth Cause of Action</u>: Recovery under the Labor Code
Private Attorneys General Act of 2004.

*Garcia* Doc. 33. In *Garcia*, Plaintiff seeks to certify the First
Cause of Action as a collective action under 29 U.S.C. § 216(b),
for all acts within three years preceding the original Complaint
and through the time of trial. *Id.* at ¶¶ 4-5. Plaintiff Garcia
seeks to certify the Second through Eighth Causes of Action as a
class action under Federal Rule of Civil Procedure 23, for all
acts within four years preceding the original Complaint and

through the time of trial. *Id.* at ¶¶ 4,6.

      B.    *Yanez* **Lawsuit**

The *Yanez* action was filed in the Superior Court of California, County of San Diego on October 12, 2010. *Yanez* Doc. 1, Ex. A. Defendant removed the case to the United States District Court for the Southern District of California on November 12, 2010. *Yanez* Doc. 1. Upon the parties' joint motion (*Yanez* Doc. 24), the Southern District transferred *Yanez* to this court on February 16, 2011 (*Yanez* Doc. 27).

The *Yanez* lawsuit is brought on behalf of the following putative class:

> All persons who have been employed by Defendant as Over the Road Drivers in the State of California at any time during the Class Period.

*Yanez* Doc. 1, Ex. A, ¶ 1. The "Class Period" is the four-year period prior to filing, through disposition of the action. *Id.* at ¶ 3.

The *Yanez* Complaint asserts the following causes of action:

(1)  <u>First Cause of Action</u>: Failure to pay wages due in violation of California Labor Code §§ 201, 202, 203, 226, 1194, 1194.2 and 1197 and Industrial Welfare Commission Wage Order 9;

(2)  <u>Second Cause of Action</u>: Failure to provide or authorize meal periods in violation of California Labor Code § 226.7 and Industrial Welfare Commission Wage Order 9, §

11;

(3)  <u>Third Cause of Action</u>: Failure to provide or authorize rest periods in violation of California Labor Code §§ 200, 500, 512, and 226.7(b) and Industrial Welfare Commission Wage Order 9, § 12;

(4)  <u>Fourth Cause of Action</u>: Failure to provide itemized wage statements in violation of California Labor Code § 226;

(5)  <u>Fifth Cause of Action</u>: Failure to pay with proper instruments in violation of California Labor Code §§ 212 and 213.

(6)  <u>Sixth Cause of Action</u>: Failure to timely pay wages due at termination in violation of California Labor Code §§ 201, 202, and 203; and

(7)  <u>Seventh Cause of Action</u>: Violation of California Business and Professions Code §§ 17200 et seq.

*Yanez* Doc. 1, Ex. A.

### III. <u>MOTION TO STAY</u>

A.  <u>Yanez Plaintiffs' Motion to Intervene in *Garcia* Lawsuit</u>

Yanez Plaintiffs move to intervene in *Garcia* for the limited purpose of opposing Plaintiff Garcia's motion to stay the *Yanez* action. Plaintiff Garcia does not address Yanez Plaintiffs' motion to intervene.

1        **1.   Intervention as of Right**

2        Rule 24(a) governs intervention as of right:

3        On timely motion, the court must permit anyone to intervene
         who . . . claims an interest relating to the property or
4        transaction that is the subject of the action, and is so
         situated that disposing of the action may as a practical
5        matter impair or impede the movant's ability to protect its
         interest, unless existing parties adequately represent that
6        interest.

7    Fed. R. Civ. P. 24(a)(2). An applicant for intervention as of

8    right must satisfy four requirements:

9        (1) it has a significant protectable interest relating to
         the property or transaction that is the subject of the
10       action; (2) the disposition of the action may, as a
         practical matter, impair or impede the applicant's ability
11       to protect its interest; (3) the application is timely; and
         (4) the existing parties may not adequately represent the
12       applicant's interest.

13
14   *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 802 (9th Cir. 2002).

15   Rule 24(a) is construed liberally in favor of potential

16   intervenors. *State ex rel. Lockyer v. United States*, 450 F.3d

17   436, 440 (9th Cir. 2006).

18       Yanez Plaintiffs satisfy the requirements for intervention

19   as of right. Plaintiff Garcia seeks to delay the *Yanez* hearing on

20   the motion for consolidation until after (1) *Garcia's* July 22,

21   2011 mediation and (2) *Garcia's* motion for class certification is

22   filed July 15, 2011. The *Garcia* and *Yanez* lawsuits assert the

23   same claims on behalf of the same putative class of California

24   employees against the same employer for the same wage and hour

25   violations. Yanez Plaintiffs have a significant protectable

26
27   interest, and the disposition of the motion to stay will impair

28

7

or impede Yanez Plaintiffs' ability to protect their interests

and to proceed with their lawsuit. Yanez Plaintiffs' motion to

intervene for the sole purpose of opposing Plaintiff Garcia's

motion to stay the *Yanez* lawsuit was timely filed on June 13,

2011, fourteen days before the original hearing date on the

motion to stay. No party in the *Garcia* lawsuit adequately

represents the Yanez Plaintiffs' interests with respect to the

motion to stay, as they oppose it.

Yanez Plaintiffs' motion for intervention as of right in the

*Garcia* lawsuit for the limited purpose of opposing the motion for

stay is GRANTED.

### 2.   <u>Permissive Intervention</u>

Rule 24(b) governs permissive intervention:

> On timely motion, the court may permit anyone to intervene
> who . . . has a claim or defense that shares with the main
> action a common question of law or fact. . . . In exercising
> its discretion, the court must consider whether the
> intervention will unduly delay or prejudice the adjudication
> of the original parties' rights.

Fed. R. Civ. P. 24(b). An applicant seeking permissive

intervention must show: "(1) it shares a common question of law

or fact with the main action; (2) its motion is timely; and (3)

the court has an independent basis for jurisdiction over the

applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 411 (9[th]

Cir. 1998). "Even if the applicant satisfies those threshold

requirements, the district court has discretion to deny

permissive intervention ... In exercising its discretion, the

8

district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.*

The requirements for permissive intervention are met: (1) *Garcia* and *Yanez* share common claims and the common question of whether the proposed stay is proper, and the underlying claim is predominately identical with the exception of the claimants; (2) Yanez Plaintiffs' motion is timely; and (3) the court already has jurisdiction over the *Yanez* lawsuit and Yanez Plaintiffs. Allowing Yanez Plaintiffs to intervene for purposes of opposing the motion to stay *Yanez* will not unduly delay the motion or unfairly prejudice Plaintiff Garcia; rather, denying Yanez Plaintiffs' motion to intervene may prejudice Yanez Plaintiffs.

Yanez Plaintiffs' motion for permissive intervention in the *Garcia* lawsuit for the limited purpose of opposing the motion for stay is GRANTED.

B.   **Plaintiff Garcia's Motion to Stay *Yanez* Lawsuit**

1.   **Legal Standard**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163 (1936). When considering a motion to stay, the court weighs the competing interests which will be affected by

the grant or refusal of stay, including: (1) the possible damage which may result from granting the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

"[A] trial court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." *Mediterranean Enters., Inc. v. Sangyong Corp.,* 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-864 (9th Cir. 1979). For a stay to be appropriate it is not required that the issues of such proceedings are necessarily controlling of the action before the court. *Id.*

The party moving for a stay bears the burden of establishing the need for a stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *see also Landis*, 299 U.S. at 255 ("the justice and wisdom" of a stay lays "heavily on the petitioners").

### 2.   Discussion

Plaintiff Garcia moves for a 45-day stay of the hearing on Yanez Plaintiffs' motion to consolidate filed in the *Yanez* case. Plaintiff Garcia contends that the stay will allow the *Garcia*

10

lawsuit to maintain its current briefing schedule with respect to the motion for class certification, which is due July 15, 2011, and to proceed with a scheduled mediation on July 22, 2011. *Garcia* Counsel declares that he has diligently and aggressively pursued the *Garcia* lawsuit for over two years, dedicating over 1,000 hours to evaluate and litigate the case, while the *Yanez* lawsuit is still in its infancy and *Yanez* Counsel has not conducted any discovery. Having agreed to a mediator and mediation date and in light of the upcoming deadline to file the motion for class certification, Plaintiff Garcia contends that consolidating the lawsuits prejudices the *Garcia* putative class.

Yanez Plaintiffs contend that a stay would severely prejudice them and the putative *Yanez* class. Yanez Plaintiffs argue that the *Yanez* and *Garcia* actions allege the same California Labor Code Violations, and both actions seek to certify the same class of California workers. Yanez Plaintiffs contend that they have a significant, protectable interest related to the *Garcia* lawsuit, and that granting the stay would block them from participating in the July 22, 2011 mediation.

The *Yanez* and *Garcia* lawsuits assert the same California Labor Code and Wage Order violations on behalf of the same putative class of California employees. Granting Plaintiff Garcia's motion to stay would unfairly favor the *Garcia* lawsuit over the *Yanez* lawsuit. As both cases encompass the same claims

11

and same putative class members, hearing on consolidation of the *Yanez* and *Garcia* lawsuits cannot be stayed while the *Garcia* lawsuit proceeds to mediation and class certification. The Supreme Court has explained:

> [A party seeking] a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Landis*, 299 U.S. at 255. Moreover, as two prospective class actions have been filed against the same Defendant, the interests of all are best protected under Federal Rule of Civil Procedure 23 and related Rule 16 case management procedures.

Plaintiff Garcia's motion for stay of *Yanez*'s hearing on the motion to consolidate is DENIED.

### IV.    MOTION TO CONSOLIDATE

A.    Legal Standard

Federal Rule of Civil Procedure 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). A district court has broad discretion to consolidate actions. *Pierce v. Cnty. of Orange*, 519 F.3d 985, 996 (9th Cir. 2008). "The district court, in exercising its broad discretion to order consolidation of actions presenting a common

issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Heune v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Considerations of convenience and judicial economy "must yield to a paramount concern for a fair and impartial trial." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2nd Cir. 1990). The party seeking consolidation bears the burden of establishing that judicial economy and convenience outweigh prejudice. *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007).

> **B.**   <u>Discussion</u>

> Defendant contends that the *Yanez* and *Garcia* actions are not based on common issues of fact or law. The two lawsuits, however, share the following California claims: (1) failure to pay wages due and owing: Second Cause of Action in *Garcia* and First Cause of Action in *Yanez*; (2) failure to provide or compensate for meal periods: Third Cause of Action in *Garcia* and Second Cause of Action in *Yanez*; (3) failure to provide or compensate for rest periods: Fourth Cause of Action in *Garcia* and Third Cause of Action in *Yanez*; (4) failure to provide accurate/itemized wage statements: Fifth Cause of Action in *Garcia* and Fourth Cause of Action in *Yanez*; (5) failure to timely pay wages at termination: Seventh Cause of Action in *Garcia* and Sixth Cause of Action in *Yanez*; and (6) violation of California Business and Professions

Code §§ 17200 et seq.: Eighth Cause of Action in *Garcia* and

Seventh Cause of Action in *Yanez*. In addition to their common

legal questions, the *Garcia* lawsuit alleges three additional

causes of action: (1) First Cause of Action for failure to pay

minimum wages in violation of federal law (FLSA); (2) Sixth Cause

of Action for failure to reimburse business expenses; and (3)

Ninth Cause of Action for recovery under the Labor Code Private

Attorneys General Act of 2004. The *Yanez* lawsuit alleges an

additional cause of action: Fifth Cause of Action for failure to

pay with proper instruments.

    *Garcia* and *Yanez* share common truck driver class members.

Yanez Plaintiffs contend that the California classes in *Garcia*

and *Yanez* are identical. *Garcia* defines its California class as:

> All similarly situated persons employed by GTI who were
> driving tractor-trailer combinations and performing services
> related thereto within the State of California at any time
> within the Relevant Time Period, and were compensated on a
> per-mile basis for at least part of their compensation. This
> putative class will be referred to herein collectively as
> the 'CALIFORNIA EMPLOYEES'.

*Garcia* Doc. 33, ¶ 21(a). *Yanez* defines its putative class as:

> All persons who have been employed by Defendant as Over the
> Road Drivers in the State of California at any time during
> the Class Period.

*Yanez* Doc. 1, Ex. A, ¶ 1. Defendant rejoins that *Garcia*'s

proposed class is broader than *Yanez* because *Garcia* presumably

includes regional drivers in addition to *Yanez*'s putative class

of over the road drivers. Defendant also asserts that *Garcia*

alleges an additional, separate federal class for its federal law claim. Despite Defendant's arguments, it is undisputed that *Yanez*'s putative class is entirely encompassed within *Garcia*'s putative California class.

Judicial economy weighs in favor of consolidation. The bulk of *Garcia*'s claims are shared with *Yanez*, and *Yanez*'s putative class falls within *Garcia*'s putative California class. The two lawsuits share substantial overlapping discovery and proof. Consolidating the two lawsuits would save time, effort, duplication, and valuable judicial resources.

Defendant and *Garcia* Counsel contend that *Garcia* and *Yanez* should not be consolidated because the two lawsuits are in different procedural postures. *Garcia* was filed on February 23, 2010; *Yanez* was filed approximately nine months later on October 12, 2010. *Garcia* Counsel has taken and defended depositions, met and conferred with Defendant's counsel, and requested, received, and reviewed tens of thousands of pages of written discovery. *Garcia*'s motion for class certification is due July 15, 2011 and the motion is scheduled to be heard November 21, 2011. *Garcia* Doc. 48, 2. *Garcia* is scheduled for mediation July 22, 2011.

In contrast, *Yanez*'s scheduling conference has not yet taken place. *Yanez* Counsel declares that Defendant requested *Yanez*'s transfer to the Eastern District of California to coordinate with *Garcia*. *Yanez* Counsel declares that while *Yanez* was being

15

transferred, *Garcia* Counsel was conducting discovery and Defendant agreed to provide *Yanez* Counsel a copy of all discovery produced in *Garcia*, except for any discovery that related solely to Plaintiff Garcia. *Yanez* Counsel contends that they have copies of all discovery, and the two parties are on relatively equal footing in discovery.

As the *Yanez* claims and class are subsumed within the *Garcia* California class, the *Garcia* lawsuit already includes the *Yanaz* class and claims. Consolidation should not require additional discovery except as to Yanez Plaintiffs. The motion for class certification is not scheduled for hearing until November 21, 2011. Although consolidation will affect *Garcia*'s schedule, there is no indication that the delay will be excessive or prejudicial.

*Garcia* Counsel contends that *Yanez* Counsel unnecessarily delayed filing a motion to consolidate until they were informed that *Garcia* had secured a mediation date. *Yanez* Counsel contends that *Garcia* Counsel and Defendant's counsel acted in concert to allow *Garcia* to gain a head start in the discovery process and freeze out *Yanez*. *Yanez* Counsel declares that they asked, but were denied permission to attend and participate in the July 22, 2011 mediation, which *Yanez* Counsel characterizes as "back door mediation." All Counsel are reminded that they are officers of the court and are expected to act in the best interests of their clients and putative class members.

16

1    Plaintiff Garcia contends that consolidation would prejudice

2  *Garcia* because the *Yanez* Complaint asserts that "the Class

3  Members' claims as a whole do not exceed the jurisdictional limit

4  of $5,000,000." *Yanez* Doc. 1, Ex. A, ¶ 11. Plaintiff Garcia

5  asserts that the potential class-wide recovery is far in excess

6  of $5,000,000, as Defendant points out that the potential

7  exposure on two of Yanez Plaintiffs' claims exceeds $7,000,000.

8  *Yanez* Doc. 1, ¶¶ 9-11. Yanez Plaintiffs rejoin that Plaintiff

9  Garcia's claim of prejudice is disingenuous, as *Garcia* Counsel

10  proposed consolidating *Garcia* and *Yanez* on June 6, 2011. *Yanez*,

11  Doc. 43-2.

12    The *Garcia* and *Yanez* lawsuits share common issues of law and

13  fact; the *Yanez* putative class and claims are included within the

14  *Garcia* California putative class. Balancing the considerations of

15  judicial economy and convenience against the potential risks of

16  delay and prejudice, the two cases should be consolidated.

17    Yanez Plaintiffs' motion for consolidation is GRANTED.

18
19         V.    MOTION TO APPOINT INTERIM CLASS COUNSEL

20    *Garcia* Counsel requests appointment as interim class counsel

21  for the putative California and federal classes. *Yanez* Counsel

22  moves for appointment as interim class counsel for the California

23  class and appointment of *Garcia* Counsel as interim class counsel

24  for the putative federal class.

25
26
27
28
                                 17

A.  **Legal Standard**

Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).

B.  **Discussion**

As ordered at the July 11, 2011 hearing, *Yanez* Counsel shall participate in the July 22, 2011 mediation. *Yanez* Counsel agreed that they will pay twenty-five percent (25%) of the mediation fees for the July 22, 2011 mediation, and that *Garcia* Counsel will serve as lead counsel at the July 22, 2011 mediation.

No interim lead counsel will be appointed. Designation of lead counsel will be deferred until ruling on the motion for class certification. *Garcia* and *Yanez* counsel are reminded that:

> Whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole. For example, an attorney who negotiates a pre-certification settlement must seek a settlement that is fair, reasonable, and adequate for the class.

Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment.

Plaintiff Garcia's motion for appointment of S. Brett Sutton as interim class counsel is DENIED. Yanez Plaintiffs' motion for appointment of James R. Patterson and Allison H. Goddard as interim class counsel is DENIED.

## VI.  CONCLUSION

For the reasons stated:

1. Yanez Plaintiffs' motion to intervene in the *Garcia* lawsuit to oppose the motion for stay is GRANTED.

2. Plaintiff Garcia's motion for stay is DENIED and motion for appointment as interim counsel is DENIED.

3. Yanez Plaintiffs' motion for consolidation is GRANTED and motion for appointment of interim counsel is DENIED.

4. With respect to the July 22, 2011 mediation: (1) *Yanez* Counsel shall participate in the mediation; (2) *Garcia* Counsel shall serve as lead counsel at the mediation; and (3) *Yanez* Counsel shall pay twenty-five percent (25%) of the mediation fees.

5. Plaintiff Garcia shall submit a proposed form of order consistent with this memorandum decision within five (5) days following electronic service of this memorandum decision.

SO ORDERED.

DATED: July 14, 2011

                                              /s/ Oliver W. Wanger
                                                Oliver W. Wanger
                                 United States District Judge